MURRAY v. CANTOR.

(City Court of New York, General Term.    October 30, 1896.)

RECEIVERS—AUTHORITY OF—DISCHARGE OF EMPLOYE.

A receiver not empowered by statute or the order appointing him to discharge employés cannot give such authority to a deputy, and an employé of a corporation in the hands of a receiver who accepts an unlawful discharge by a deputy has no remedy either against the receiver or the corporation for breach of contract.

Appeal from trial term.

Action by James I. Murray against Jacob A. Cantor, as receiver of the Piqua Club Association for breach of contract.    From a judgment in favor of defendant on a verdict directed by the court, plaintiff appeals.    Affirmed.

Argued before VAN WYCK, C. J., and FITZSIMONS and SCHUCHMAN, JJ.

E. Van Schaick, for appellant.
G. A. Baker, for respondent.

SCHUCHMAN, J.    This is an appeal from a judgment entered on a verdict of a jury, directed by the court.    The defendant's answer admitted the first cause of action set up in the complaint, and the court dismissed the complaint as to the second cause of action.    The second cause of action was for damages for a breach of a contract, the plaintiff alleging that the Piqua Club Association had made a written contract with him, whereby he was employed as house manager in

their clubhouse, known as the "New Manhattan Athletic Club," on or about February 9, 1895, for the period of one year, at an annual salary of $2,500; that he was wrongfully discharged on June 13, 1895, and was thereby damaged in the sum of $1,638.91, for which damages he asked judgment against the defendant, as receiver. The evidence shows: That on June 3, 1895, the supreme court, by an order, appointed the defendant, Jacob A. Cantor, receiver of the Piqua Club Association, a corporation, with the usual powers and duties, according to the laws of the state of New York and the practice of said court, and authorized said receiver "to collect and receive the debts, demands, and other property of said corporation, and to preserve the property and proceeds of the debts and demands collected." That said receiver appointed one Von Biel his deputy to take charge of said property. That said receiver told Mr. Murray, the plaintiff, that he wished him to continue as house manager; that he did not want any change made at all; and that Mr. Murray should be subordinate to Mr. Von Biel, and was subject to Mr. Von Biel's orders as deputy. And that on June 13, 1895, said Von Biel told Mr. Murray, the plaintiff: "Leave the house. I discharge you. You are discharged." And that thereupon said plaintiff left the service.

The receiver had no powers except such as are conferred by the order of his appointment, by statutory provisions, and the course and practice of the court, and cannot appoint a deputy without special order of the court. 20 Am. & Eng. Enc. Law, 111–113; Corey v. Long, 12 Abb. Prac. (N. S.) 427; Dickerson v. Van Tine, 1 Sandf. 724; Verplanck v. Insurance Co., 2 Paige, 452. The receiver's powers were defined by the order of his appointment. Said powers thereby conferred are identical to the ones specified in section 1788 of the Code of Civil Procedure. The receiver is a mere custodian and manager of the property, under the direction of the court during the pendency of the action. Herring v. Railroad Co., 105 N. Y. 340, 12 N. E. 763. The receiver was not liable upon the contract of the plaintiff with the Piqua Club, and had no power to break it. Having none, he could not delegate any such power to his deputy. The deputy, therefore, could not discharge the plaintiff; and if the plaintiff accepted the unlawful discharge of the unauthorized deputy, and left the services of the club, although he may have acted in ignorance of his rights, he broke the contract himself, and certainly has no remedy against the receiver.

The judgment is right, and is affirmed, with costs. All concur.